AKEMA *v.* ANDRUSKA.

1. BREACH OF MARRIAGE PROMISE—JUSTIFICATION OF BREACH.

Prospective husband was justified in breaking engagement to marry woman who refused to give up illegal business of manufacturing and possessing intoxicating liquors.

2. APPEAL AND ERROR—AGGRAVATION OF DAMAGES.

Where, in action for breach of marriage promise, jury found that defendant was justified in breaking engagement, barring plaintiff's right to recover, refusal of court to allow plaintiff's counsel to argue question in aggravation of damages was not reversible error.

Error to Kent; Brown (William B.), J. Submitted June 6, 1929. (Docket No. 87, Calendar No. 34,350.) Decided July 8, 1929.

Assumpsit by Rose Akema against Joseph J. Andruska for breach of promise to marry. From a judgment for defendant, plaintiff brings error. Affirmed.

*Michael Garvey,* for plaintiff.

WIEST, J. This is an action to recover damages for breach of promise to marry. The promise is admitted, and the breach is claimed to have been justified by discovery of the manufacture, possession, and use of "moonshine" whisky by plaintiff. Plaintiff denied making the moonshine, but admitted the manufacture of "home brew," and claimed defendant told her to make it for the wedding.

The court instructed the jury:

"In this case, in order for the defendant to not be held liable, it is necessary for him to show by the

testimony which preponderates in his favor, that this woman did manufacture and have in her possession and used this illicit liquor as he claims, and that she refused to give it up, and that he refused to marry her on that account."

The verdict was for defendant.

Counsel for plaintiff complains of the mentioned instruction, stating:

"It is counsel's contention, that if plaintiff was engaged in a violation of the liquor law after the engagement of the parties, that this would not justify defendant in breaching his contract and escaping liability, but that it would only go in mitigation of damages or result in a postponement of the marriage until plaintiff would give up her occupation in manufacturing liquor."

There is no merit in the contention. We approve of the instruction. It is a felony in this State to manufacture or possess intoxicating liquor, and a woman, guilty of such an offense, may not successfully contend that it is no justification for breaking a promise to marry her. If plaintiff manufactured intoxicating liquor during the engagement, and defendant asked her to desist and she refused and disclaimed intention of ceasing to do so in the future, then defendant would have been a dolt to marry her, and, as head of the household, render himself liable to prosecution as *particeps criminis* if she kept the practice up.

About five months after the engagement was broken and while this suit was pending, plaintiff was convicted of a violation of the liquor law. The fact was brought out in the cross-examination of plaintiff and was proper as affecting the weight the jury would give to her testimony.

In the notice attached to the plea defendant stated that plaintiff consorted with men of questionable character after the engagement and refused to give up such associations. The charge was not supported by any evidence, and counsel for plaintiff alleges error because the court did not permit him to argue the allegation in aggravation of damages. One good reason for breaking the engagement was found by the jury, and that finding barred plaintiff from recovering damages.

We find no reversible error in refusing to permit counsel to employ the pleading for the purpose mentioned.

The record discloses no reversible error, and the judgment is affirmed, with costs to defendant.

NORTH, C. J., and FEAD, FELLOWS, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.